**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 25-1630**

———————

GLADYS YANNETH COROMINAL-LEON DE XALIN; K.A.X.C.,

Petitioners,

v.

TODD BLANCHE, Acting U.S. Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————

Submitted:  March 31, 2026                          Decided:  May 18, 2026

———————

Before AGEE and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————

Petition denied by unpublished per curiam opinion.

———————

**ON BRIEF:**   Lisa Shea, IMMIGRANTS FIRST, PLLC, Manassas, Virginia, for Petitioners.   Brett A. Shumate, Assistant Attorney General, Sheri R. Glaser, Acting Assistant Director, Matthew B. George, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gladys Yanneth Corominal-Leon de Xalin and her minor daughter, K.A.X.C., natives and citizen of Guatemala, petition for review of the order of the Board of Immigration Appeals ("Board") dismissing their appeal from the immigration judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition for review.

We will affirm the agency's determination regarding an applicant's eligibility for asylum and withholding of removal if it is supported by substantial evidence on the record considered as a whole. *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Legal issues, however, are reviewed de novo. *Li Fang Lin v. Mukasey*, 517 F.3d 685, 691-92 (4th Cir. 2008).

Here, the Board agreed with the IJ that Petitioners failed to show that the Guatemalan government was unable or unwilling to protect them from Corominal-Leon de Xalin's former romantic partner. "When an applicant claims that she fears persecution by a private actor, she must also show that the government in her native country is unable or unwilling to control her persecutor." *Diaz de Gomez v. Wilkinson*, 987 F.3d 359, 365 (4th Cir. 2021) (internal quotation marks omitted). "Whether a government is unable or unwilling to control private actors is a factual question that must be resolved based on the record in each case." *Crespin-Valladares v. Holder*, 632 F.3d 117, 128 (4th Cir. 2011)

2

(internal quotation marks omitted).  Upon review of the record, considered in conjunction with the relevant authorities and the issues raised in this court, we discern no legal error in the agency's analysis of this issue.  Substantial evidence supports the agency's ruling that Petitioners failed to establish that the Guatemalan government was unable or unwilling to protect them from the private-actor persecutor.  The Board declined to address Petitioners' remaining arguments regarding their applications for asylum and withholding of removal because the Board's finding that the Guatemalan government was able or willing to protect them was dispositive of those applications.  *See Molina-Diaz v. Bondi*, 128 F.4th 568, 579 (4th Cir. 2025).  We will not address Petitioners' remaining arguments on their applications for asylum and withholding of removal because the Board declined to address the IJ's findings on persecution and nexus.  *INS v. Orlando Ventura*, 537 U.S. 12, 17-18 (2002).

Next, we have considered Petitioners' challenge to the denial of CAT protection and conclude that substantial evidence supports the denial of protection.  *Cabrera Vasquez v. Barr*, 919 F.3d 218, 222 (4th Cir. 2019) (stating standard of review).

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*